AMERICAN BAR LOCK CO. v. OLD et al.

(Circuit Court, E. D. Pennsylvania. December 14, 1909.)

No. 113.

PATENTS (§ 328*)—INFRINGEMENT—VAULT-LIGHT CONSTRUCTION.

> The Caldwell patents, No. 741,010 and No. 760,728, each for improvements in vault-light construction, construed, and, as limited by the prior art, *held* not infringed.

In Equity. Suit by the American Bar Lock Company against Robert H. Old and others. On final hearing. Decree for defendants.

Hector T. Fenton, for complainant.

H. M. McCauhey, W. S. Furst, and Chas. M. Catlin, for defendants.

J. B. McPHERSON, District Judge. Two patents are involved in the present suit, No. 741,010, dated October 13, 1903, and No. 760,728, dated May 24, 1904, each for improvements in vault-light construction. They were granted to William L. Caldwell, but are now the property of the plaintiff. The specification of No. 741,010 describes the invention in part as follows:

> "The main feature of novelty in my present invention consists of a vault-light glass of arch form constructed with plain outwardly-inclined flangeless side walls and centering depending lugs projecting beneath the frame-bars for preventing lateral movement of the glasses upon the latter. This form of glass affords greater strength and a larger lighting area for a given weight and price of glass than any other form of glass for vault-light constructions known to me, and its use renders possible the employment of much larger and stronger frame-bars in the construction. Another advantage due to the use of arch-form glasses having centering depending lugs is that the glasses can be supported entirely above the lower surface of the supporting-frame, thereby avoiding the objectionable projections beneath the frame, as in the ordinary construction, and at the same time the glasses are prevented from moving laterally. These improved arch-form glasses may be molded with prisms or without prisms. When they are formed without prisms, they consist of a tread portion having parallel upper and lower surfaces and integral supporting outwardly-inclined side walls projecting downwardly from the tread portion to form an arched structure adapted to rest upon the supporting-frame."

Then follows a description of the glasses when they are formed with prisms:

> "When the glasses are formed with prisms, they comprise a tread portion, a prism portion flush with one end of the glass projecting approximately half-way beneath the tread portion and having its outer surface coincident with the outer surface of the tread portion and supporting outwardly-inclined side walls embracing, and formed integral with, the tread portion and the prism portion, and forming these with an arched structure. A further advantage of the improved arch form of prism-glass is that it more effectively diffuses the light in a cellar or other room to be lighted, the tread portion allowing the rays of light to pass directly through, while the prism portion refracts the light-rays and throws them back of the vault-light and diffuses them throughout the cellar."

I have quoted the latter paragraph mainly in order to observe that, while the construction thus described is the only construction shown on the drawings, it cuts little figure in the present controversy. Nei-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ther party makes a glass in this form, and, if that fact is not steadily borne in mind, perplexity and confusion are likely to result. Part of the specification is naturally taken up with an explanation of the drawings, and much of this is, of course, inapplicable now, although some of it must still be considered.

There are 16 claims of this patent, but only the first 4 relate to the glass, and of these claim 1 is not involved. The other three are as follows:

"2. A vault-light glass of arch form, constructed with a tread, supporting side walls, horizontal shoulders, and a depending shallow web for bracing the side walls.

"3. A vault-light glass of arch form, constructed with a tread, supporting side walls, a prism located between the side walls and having a centering depending lug projecting beneath the side walls for preventing lateral movement of the glass.

"4. A vault-light glass of arch form, constructed with a tread, outwardly-inclined supporting side walls, horizontal shoulders, a prism flush with one end of the glass located between the side walls and having a centering depending lug projecting beneath the side walls for preventing lateral movement of the glass."

The first claim of No. 760,728, which relates also to the glass, may be considered in this connection:

"1. A vault-light glass of arch form, constructed with a tread portion, locking tongues or shoulders spaced from the tread portion, a supporting base portion, and, a plurality of prism portions projecting beneath the tread portion, the reflecting-faces of the prism portions extending at different angles with relation to the tread surface, as set forth."

In my opinion no useful purpose will be served by a detailed discussion of these claims. The prior art is well developed and must limit them to a narrow range. There were vault-light glasses of an arch form before Caldwell entered the field, and all these glasses necessarily had a tread; most of them had supporting side walls; and in some of them the sides are flangeless and outwardly inclined. The "depending shallow web" may be eliminated. It is shown on the drawings (which illustrate glasses with a prism), but it is not needed or used in a glass that has no prism, and I do not think it is present in either of the forms made by the plaintiff, or in Exhibit I, which is the only form made by the defendants that need be examined. The element described in claim 3 as "a prism located between the side walls and having a centering depending lug projecting beneath the side walls for preventing lateral movement of the glass," and described in claim 4 as "a prism flush with one end of the glass located," etc., is not found in Exhibit I, which has no prism between the side walls having a centering depending lug. This exhibit has prisms between the side walls, but these prisms have no lugs, and, even if it be assumed that the exhibit has the equivalent of the plaintiff's lugs, this equivalent has no connection with the prisms. The descriptions of the prism with its depending lug, that are found in claims 3 and 4, were evidently intended to apply to the form of construction shown in the drawings, and do not apply to Exhibit I. In claim 1 of No. 760,728, the nearest approach to novelty that I can see is "the lock-

ing tongues or shoulders spaced from the tread portion"; but the prior art contained this device also in one form or another, and the claim should, I think, be limited to the variation that is shown. The defendants' groove or tongue appears in earlier patents, and it may perhaps infringe them, but as it seems to me it does not infringe the groove or tongue of the plaintiff.

It remains to speak briefly of claims 3 and 4 of No. 760,728. These claims are as follows:

"3. In a vault-light construction the combination of a series of longitudinal bars having openings of approximately semicircular shape formed through them, with a series of transverse spreader-bars of approximately U-shaped cross-section extending through said approximately semicircular openings of the longitudinal bars, glasses mounted upon said framework, and a binding material molded around said glasses and framework and filling the channels of said spreader-bars and the openings through said longitudinal bars, substantially as set forth.

"4. In a vault-light construction the combination of a frame-work formed of longitudinal and transverse bars suitably secured together, with a series of glasses formed with base-flanges which rest upon said framework and horizontal locking tongues or shoulders, and a binding material molded around said glasses and framework and forming with said tongues or shoulders interlocking tongues or shoulders to prevent the lateral separation of the binding material and glasses substantially as set forth."

These claims have to do with the frame, and, while the defendants may perhaps come near to offending against claim 3, I have finally decided that they do not infringe. Their frame has no opening of approximately semicircular shape through the longitudinal bars; its spreader-bars do not extend through these openings, and therefore the cement cannot flow through the openings; and, in view of the restriction imposed upon this vital feature of the claim by earlier patents, I believe that the defendants do not invade the field that is rightfully occupied by claim 3.

A decree may be entered dismissing the bill.